IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MOSS, | ) | CASE NO. 1:18CV02257 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS AT PARMA MEDICAL CENTER, | ) ) ) | **DEFENDANT UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S** |
| Defendant. | ) | **COMPLAINT** |
| | ) | |

NOW COMES Defendant University Hospitals Health Systems, Inc., incorrectly identified in the Complaint as University Hospitals at Parma Medical Center ("University Hospitals"), by and through undersigned counsel, and for its Answer to Plaintiff Deborah Moss's ("Plaintiff") Complaint states as follows:

## INTRODUCTION

1. Paragraph 1 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals denies the allegations contained in Paragraph 1 of the Complaint.

2. University Hospitals denies the allegations contained in Paragraph 2 of the Complaint.

3. University Hospitals denies the allegations contained in Paragraph 3 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

4. University Hospitals admits the allegations contained in Paragraph 4 of the Complaint.

5. University Hospitals admits the allegations contained in Paragraph 5 of the Complaint.

6. University Hospitals admits only that University Hospitals Parma Medical Center is a registered trade name of University Hospitals Health System, Inc., but further answering, denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. University Hospitals admits the allegations contained in Paragraph 7 of the Complaint.

8. University Hospitals admits the allegations contained in Paragraph 8 of the Complaint.

**FACTS**

9. University Hospitals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies them.

10. University Hospitals admits only that Plaintiff has vision impairment due to Stergardt's Disease, but further answering, denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. University Hospitals admits only that Plaintiff, due to her vision impairment, has been granted reasonable accommodations, including using assistive technology and workplace modifications, but further answering, denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. University Hospitals admits that Plaintiff worked as a Rehabilitation Therapist at Parma Hospitals when it was acquired by University Hospitals, but further answering, University Hospitals is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. University Hospitals admits only that as a Rehabilitation Specialist, Plaintiff's job duties included working with psychiatric patients, providing therapeutic programming, interacting with patients, assessing patients' functional and rehabilitative needs, and providing appropriate therapies, but further answering, deny all remaining allegations contained in Paragraph 13 of the Complaint.

14. University Hospitals denies the allegations contained in Paragraph 14 of the Complaint.

15. University Hospitals admits only that at some times between the time University Hospitals acquired Parma Hospitals and February 2017, Plaintiff was able to safely and effectively perform some of her job duties with reasonable accommodations, but further answering, denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. University Hospitals admits only that Plaintiff used computer adaptive equipment and magnification devices to read smaller print at work, verbal and physical cues were used to communicate with Plaintiff, and that Plaintiff was at times able to detect and respond to call lights, but further answering, denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. University Hospitals admits only that Plaintiff physically walked into other employees in the hallways, but further answering, denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. University Hospitals admits only that some of the reasonable accommodations provided to Plaintiff were not reduced to writing, but further answering, denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. University Hospitals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20. University Hospitals is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21. University Hospitals admits only that after University Hospitals acquired Parma Hospitals Plaintiff received some good performance reviews and some commendations, but further answering, University Hospitals is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint and therefore denies them.

## Adverse Employment Action

22. University Hospitals admits the allegations contained in Paragraph 22 of the Complaint.

23. University Hospitals admits only that Plaintiff had problems with her vision and that Ms. Holley became aware of some of these problems as she worked with Plaintiff, but further answering, denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. University Hospitals denies the allegations contained in Paragraph 24 of the Complaint.

25. University Hospitals denies the allegations contained in Paragraph 25 of the Complaint.

26. University Hospitals admits only that Plaintiff was provided computer adaptive equipment and magnification devices as reasonable accommodations, but further answering, denies all remaining allegations contained in Paragraph 26 of the Complaint.

4

27. University Hospitals denies the allegations contained in Paragraph 27 of the Complaint.

28. University Hospitals admits only that crisis intervention trainings were provided to employees in late 2016 and early 2017, but further answering, denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. University Hospitals admits only that Plaintiff worked with a partner who assisted Plaintiff for portions of the crisis intervention training, but further answering, denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. University Hospitals admits only that portions of the crisis intervention training involved physical interaction training, but further answering, denies all of the remaining allegations contained in Paragraph 30 of the Complaint and therefore denies them.

31. University Hospitals denies the allegations contained in Paragraph 31 of the Complaint.

32. University Hospitals admits there was no written test after the crisis intervention training as the focus of the training was on employees being able to successfully carry out intervention techniques, but further answering, denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. University Hospitals admits only that on or around February 14, 2017, Plaintiff was given a Tier I mandatory referral to the Employee Assistance Program for a fitness for duty evaluation in accordance with University Hospitals' policy and that Plaintiff was placed on paid administrative leave pending the outcome of the evaluation, but further answering, denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. University Hospitals denies the allegations contained in Paragraph 34 of the Complaint.

35. University Hospitals admits only that Plaintiff underwent a fitness for duty evaluation in accordance with University Hospitals' policy, but further answering, denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. University Hospitals admits only that Plaintiff's physicians were consulted as part of the fitness for duty evaluation for Plaintiff, but further answering, denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. University Hospitals denies the allegations contained in Paragraph 37 of the Complaint.

38. University Hospitals admits that Plaintiff's chiropractor provided University Hospitals with a return to work authorization that recommended Plaintiff could return to work with no chiropractic limitations, but further answering, denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. University Hospitals admits only that Plaintiff's eye doctor was consulted as part of the fitness for duty evaluation for Plaintiff, but further answering, denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. University Hospitals denies the allegations contained in Paragraph 40 of the Complaint.

41. University Hospitals admits only that an Occupational Therapist from the Cleveland Sight Center completed an evaluation report for Plaintiff, but further answering, denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. University Hospitals admits only that the Occupational Therapist from Cleveland Sight Center was not given access to Plaintiff's workplace because of HIPAA restrictions, but further answering, denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. University Hospitals admits only that the Occupational Therapist from the Cleveland Sight Center who completed an evaluation report for Plaintiff included in that report some recommended accommodations for Plaintiff, but further answering, denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. University Hospitals admits only that the Occupational Therapist from the Cleveland Sight Center who completed an evaluation report for Plaintiff stated that, in regard to crisis intervention and staff training, "having materials ahead of time for review and partnering with a staff member or trainer who is aware of need for verbal and touch prompts to motor Ms. Moss through any physical components may be beneficial," but further answering, denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. University Hospitals admits only that on or around June 12, 2017, University Hospitals informed Plaintiff that no reasonable accommodations had been identified that would allow Plaintiff to safely perform the essential functions of her job, so she would be unable to return to her prior position, but further answering, denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. University Hospitals denies the allegations contained in Paragraph 46 of the Complaint.

47. University Hospitals denies the allegations contained in Paragraph 47 of the Complaint.

48. University Hospitals denies the allegations contained in Paragraph 48 of the Complaint.

49. University Hospitals denies the allegations contained in Paragraph 49 of the Complaint.

50. University Hospitals denies the allegations contained in Paragraph 50 of the Complaint.

51. University Hospitals admits the allegations contained in Paragraph 51 of the Complaint.

52. University Hospitals admits only that on or around September 6, 2017, University Hospitals advised Plaintiff that her paid time off would conclude at or near the end of September 2017, that Plaintiff would remain on a personal leave of absence until December 31, 2017, that if Plaintiff completed the steps necessary to obtain a medical leave of absence she would remain on role for up to 52 weeks, Plaintiff was encouraged to contact her assigned Career Coach to assist Plaintiff in finding a different position at University Hospitals, and that if she did not secure another position at University Hospitals her employment would be terminated on January 1, 2018, but further answering, denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. University Hospitals admits the allegations contained in Paragraph 53 of the Complaint.

## COUNT ONE
### *Title I of the Americans with Disabilities Act*

54. University Hospitals restates and reavers all of its responses to Paragraphs 1 through 53 of the Complaint as if fully rewritten herein.

55. Paragraph 55 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals admits the allegations contained in Paragraph 55 of the Complaint.

56. University Hospitals denies the allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals admits that portions of 42 U.S.C. § 12111(8) are accurately recited in Paragraph 57 of the Complaint, but further answering denies all remaining allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals admits that portions of 29 C.F.R. §1630.10(a) are accurately recited in Paragraph 58 of the Complaint, but further answering denies all remaining allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals denies the allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint asserts a legal conclusion to which no response is required from University Hospitals. To the extent a response is required, University Hospitals admits that 29 C.F.R. § 1630.2(r) is accurately recited in Paragraph 60 of the Complaint, but further answering, denies all the remaining allegations contained in Paragraph 60 of the Complaint.

61. University Hospitals denies the allegations contained in Paragraph 61 of the Complaint.

62. University Hospitals admits the allegations contained in Paragraph 62 of the Complaint.

63. University Hospitals admits the allegations contained in Paragraph 63 of the Complaint.

64. University Hospitals denies the allegations contained in Paragraph 64 of the Complaint.

65. University Hospitals denies the allegations contained in Paragraph 65 of the Complaint.

66. University Hospitals denies the allegations contained in Paragraph 66 of the Complaint.

67. University Hospitals denies the allegations contained in Paragraph 67 of the Complaint.

68. University Hospitals denies the allegations contained in Paragraph 68 of the Complaint.

69. University Hospitals denies the allegations contained in Paragraph 69 of the Complaint.

70. University Hospitals denies the allegations contained in Paragraph 70 of the Complaint.

71. University Hospitals denies the allegations contained in Paragraph 71 of the Complaint.

72. University Hospitals denies the allegations contained in Paragraph 72 of the Complaint.

**PRAYER FOR RELIEF**

University Hospitals denies that Plaintiff is entitled to any relief, including the relief sought set forth in the PRAYER FOR RELIEF portion of the Complaint

**DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against University Hospitals.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. University Hospitals at Parma Medical Center never employed Plaintiff.

4. Plaintiff's claims are subject to the after-acquired evidence doctrine.

5. University Hospitals did not cause any of the damages allegedly suffered by Plaintiff.

6. The claims set forth in Plaintiff's Complaint are barred by the doctrine of unclean hands, laches, estoppel, waiver and/or other behavior by Plaintiff.

7. Any employment actions taken with respect to Plaintiff were taken for legitimate, non-retaliatory, and non-discriminatory business reasons, in good faith, without malice, and in a fair and equitable manner so as to bar the claims asserted in Plaintiff's Complaint.

8. At all times, University Hospitals acted with an honest belief that all decisions regarding Plaintiff's employment were done for legitimate, non-discriminatory and non-retaliatory reasons.

9. There was no negligence, gross negligence, misconduct, willful misconduct or malice (actual, legal or otherwise) on the part of University Hospitals as to Plaintiff.

10. Plaintiff's damages are not recoverable because they are remote and speculative.

11. To the extent Plaintiff was injured, which University Hospitals denies, Plaintiff's injuries were caused, in full or in part, by her own conduct and her own acts, omissions and/or breach of duty, and/or the conduct, acts, omissions and/or breaches of duty of a person or persons for whom University Hospitals is not responsible, and any such injuries were not caused by or attributed to University Hospitals.

12. Plaintiff's claims are barred, in full or in part, by her failure to mitigate.

13. Defendants would have taken the same actions regardless of Plaintiff's exercise of her rights under the Americans with Disabilities Act, her alleged disability, and/or any other State or Federal law.

14. University Hospitals acted at all times without intent to discriminate or retaliate against Plaintiff or interfere with her rights and would have taken the same actions regardless of Plaintiff's alleged disability.

15. University Hospitals acted at all times in a good faith effort to comply with all relevant state and federal laws and with its own policies.

16. At all times University Hospitals complied with the requirements of the Americans with Disabilities Act, including engaging in the interactive process, and to the extent reasonable accommodations were not provided it was because they required a fundamental alteration of the services provided and/or presented an undue hardship.

17. The damages as alleged are limited by the Ohio Revised Code and/or Federal law.

18. Plaintiff's Complaint is barred because University Hospitals did not know of or have reason to know of any alleged discriminatory conduct and was not given the opportunity to take prompt remedial action.

19. University Hospitals exercised reasonable care to prevent and promptly correct any alleged discriminatory conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by University Hospitals or otherwise to avoid harm.

20. University Hospitals hereby gives notice that it intends to rely on defenses that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend this Answer to assert any such defenses as they become available.

WHEREFORE, having fully answered, University Hospitals requests that Plaintiff's Complaint be dismissed with prejudice and that University Hospitals be granted its costs, expenses and such other and further relief as this Court deems just and equitable.

        Respectfully submitted,

        */s/ Donald C. Bulea*
        Kerin Lyn Kaminski (00013522)
        Donald C. Bulea (0084158)
        GIFFEN & KAMINSKI, LLC
        1300 East Ninth Street, Suite 1600
        Cleveland, Ohio 44114
        Telephone:    216-621-5161
        Facsimile:    216-621-2399
        E-mail:    kkaminski@thinkgk.com
                dbulea@thinkgk.com
        ***Counsel for Defendant University Hospitals Health Systems, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2018 a copy of the foregoing *Answer to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system upon the following Parties:

Emily White and Marc E. Dann, Counsel for Plaintiff Deborah Moss at notices@dannlaw.com.

*/s/ Donald C. Bulea*
Donald C. Bulea (0084158)
***Counsel for Defendant University Hospitals Health Systems, Inc.***